UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUIS JOSE VALENCIA,

                Petitioner,

v.

KRISTI NOEM et al.,

                Respondents.

_____/

Case No. 1:25-cv-1828

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and a motion for emergency injunctive relief. (ECF No. 2.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.13.) Petitioner also sought release on bond in his motion for emergency injunctive relief. (ECF No. 2, PageID.125.)

In an Order entered on December 20, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on December 22, 2025, (ECF No. 5), and Petitioner filed his reply on December 29, 2025, (ECF No. 6).

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.4, 5; Notice to Appear (NTA), ECF No. 5-1, PageID.164.) Petitioner entered the United States in 2021 at or near Eagle Pass, Texas without inspection. (Pet., ECF No. 1, PageID.6; NTA, ECF No. 4-1, PageID.164.) On February 22, 2022, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner was an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Pet., ECF No. 1, PageID.6; NTA, ECF No. 4-1, PageID.164–165.) Petitioner was released on his own recognizance. (I-213 Narrative, ECF No. 5-2, PageID.170.)

On April 7, 2022, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, based on persecution he suffered in Venezuela. (Pet., ECF No. 1, PageID.6.) An Immigration Judge denied Petitioner's asylum application in a final decision dated September 30, 2025. (Pet. ECF No. 1, PageID.6.) Petitioner has appealed the decision; the appeal remains pending. (*Id*.)

On November 10, 2025, Petitioner appeared for a scheduled ICE check-in in Detroit, Michigan. (*Id*., PageID.7.) DHS detained Petitioner at the check-in. While in detention, Petitioner requested a custody redetermination. A bond hearing was held on December 17, 2025. (Bond Denial Order, ECF No. 1-2, PageID.17–18.) The Immigration Judge denied bond stating:

2

The Court finds it lacks authority to hear the Respondent's request for a bond as the Respondent is an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the Act, 8 U.S.C. § 1225(b)(2)(A), and the regulation at 8 C.F.R. § 235.3(b)(1)(ii). Matter of Yajure-Hurtado, 29 I&N Dec. 213, 228 (BIA 2025).

In the alternative the Court finds that the Respondent is a flight risk as he has an order of removal denying his request for relief. There is insufficient evidence in the record that the respondent would willfully report for removal if all his appeal is exhausted with unfavorable results.

(*Id*.) The next day, Petitioner filed his habeas petition. Petitioner remains detained at the North Lake Processing Center.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies by appealing the unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669,

2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-

1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-

cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't

of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner

is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2).

Respondents, however, contend that Petitioner meets every element for detention under

§ 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as

Petitioner, who have resided in the United States and were already within the United States when

apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the

following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D.

Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6

(W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577,

at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-

cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

### B.    Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process

Clause in two ways: first, because Respondents improperly considered Petitioner's custody

redetermination request under § 1225, rather than § 1226; and second, because Respondents, in

the alternative, applied an unconstitutional burden and standard of proof when denying bond.[1] The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

---

[1] Petitioner focuses his attack on Respondents' application of § 1225 standards to Petitioner's custody redetermination request rather than § 1226. Nonetheless, Petitioner also contends that the Immigration Judge's "perfunctory alternative ruling applies an improper presumption against release . . . ." (Pet., ECF No. 1, PageID.12.) Petitioner reiterated that contention in his reply: "[e]ven if the Court considers the IJ's alternative flight risk finding, it merits no deference because it applied an unconstitutional burden of proof." (Reply, ECF No. 6, PageID.174.)

To ensure that this Court's Orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General, the United States Department of Homeland Security, United States Immigration and Customs Enforcement, and the Executive Office for Immigration Review as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody.[2]

The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Attorney

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.

General, the United States Department of Homeland Security, United States Immigration and

Customs Enforcement, and the Executive Office for Immigration Review as Respondents.


Dated:    February 5, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge