UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS JOSE VALENCIA,

           Petitioner,

v.

KRISTI NOEM et al.,

           Respondents.

_____/

Case No. 1:25-cv-1828

Honorable Jane M. Beckering

## **ORDER**

Petitioner, at the time he filed his petition, was a United States Immigration and Customs Enforcement (ICE) detainee, detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. Petitioner initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

By Opinion and Judgment entered February 5, 2026, the Court conditionally granted the petition, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or, in the alternative, immediately release Petitioner from custody. The Court noted that at the hearing, the government would have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. (ECF No. 12, PageID.192.)

On February 11, 2026—the fourth business day after the Court's opinion—the Detroit Immigration Court held a custody redetermination hearing. At the conclusion of that hearing the Immigration Judge entered an order denying Petitioner's request for bond because the Immigration Judge determined that "the Department of Homeland Security has proved by a preponderance of the evidence that the Respondent is a flight risk . . . ." (Feb. 11, 2026, Immigration Judge Order

ECF No. 13-1, PageID.198). Petitioner promptly filed a motion to enforce judgment, seeking immediate release because the Immigration Judge had not required the government to prove that Petitioner was a flight risk by clear and convincing evidence. (Mot., ECF No. 13.)

The following day—the fifth business day after the Court's opinion—the Immigration Judge entered an amended order, denying Petitioner's request for release from custody on bond and stating:

> The Court finds, after an individualized bond hearing held on February 11, 2026, that the Department of Homeland Security proved by a clear and convincing evidence that the Respondent is a flight risk and there are no conditions or combination of conditions that would reasonably assure the Respondent's future appearances at immigration proceedings. See Valencia v. Noem, et al., 1:25-cv-1828 (W.D. Mich.) (Feb. 5, 2026).

(Feb. 12, 2026, Immigration Judge Order, ECF No. 14-1, PageID.215.) Petitioner then filed an amended motion, (ECF No. 15), maintaining that immediate release was still the appropriate remedy.

Because the Immigration Judge conducted a bond hearing and denied bond after applying the constitutionally appropriate burden and standard of proof within the time ordered by this Court, the Court concludes that Respondents have complied with the judgment. Accordingly, Petitioner's motion and amended motion (ECF Nos. 13, 15) will be denied.

**IT IS SO ORDERED**.

Dated:    April 24, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge